[Cite as *State v. Tolbert*, 2017-Ohio-9159.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105326**

---

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# REGINALD TOLBERT

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-07-498281-A, CR-07-498417-A, and CR-07-501690-B

**BEFORE:** Boyle, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 21, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Brett Hammond
          Katherine Mullin
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy Young
Ohio Public Defender
BY: Allen Vender
          Andrew David Hartman
Assistant State Public Defenders
250 East Broad Street, Suite 1400
Columbus, Ohio   43215

MARY J. BOYLE, J.:

{¶1} This court granted plaintiff-appellant state of Ohio leave to appeal this case after the trial court vacated defendant-appellee Reginald Tolbert's postrelease control. The state raises two assignments of error for our review:

> 1. The trial court erred when it granted defendant's motion to vacate postrelease control. To impose valid postrelease control, the language in the sentencing entry may incorporate the advisements given during the sentencing hearing by referencing the postrelease control sections of the Ohio Revised Code and do not need to repeat what was said during the sentencing hearing.

> 2. The requirement that a trial court must journalize the specific requirements of postrelease control is based upon legal precedent that should not be retroactively applied in this case.

{¶2} In this appeal, the state acknowledges that under current precedent in the Eighth District, the postrelease-control notification was invalid because the trial court did not include the "specific consequences of violating postrelease control in the sentencing journal entry." The state contends, however, that this precedent was decided in error and should be overruled.

{¶3} Finding no merit to the state's appeal, we affirm the judgment of the trial court.

## I. Procedural History

{¶4} In late 2007, Tolbert was sentenced to six years in prison for three separate cases: Cuyahoga C.P. No CR-07-498281-A, Cuyahoga C.P. No. CR-07-498417-A, and Cuyahoga C.P. No. CR-07-501690-B. In each of these cases, the trial court stated the

following in the sentencing entries regarding postrelease control:

> Postrelease control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28.

**{¶5}** Tolbert was released from prison in these cases on May 13, 2013. At that time, he was placed on three years of postrelease control.

**{¶6}** On December 13, 2013, Tolbert was convicted of receiving stolen property in Cuyahoga C.P. No. CR-13-577719-A. He was sentenced to six months in prison and advised that upon his release, he may be placed on postrelease control for up to three years.

**{¶7}** Tolbert was released from prison in CR-13-577719-A on May 15, 2014. Upon his release, the Adult Parole Authority ("APA") chose not to place him on postrelease control for this case. Instead, the APA placed Tolbert on postrelease control for the time remaining in his 2007 cases, which was 2.44 years. When Tolbert filed his motion to vacate postrelease control, he was "serving a prison sanction for violating" the terms of his 2007 postrelease control.

**{¶8}** When Tolbert filed his motion to vacate postrelease control, the state and Tolbert filed a joint statement of justiciability with the trial court along with Tolbert's motion to vacate because Tolbert had previously filed a motion to vacate postrelease control that the state opposed, believing that Tolbert was on postrelease control from his 2013 case. When the state learned that Tolbert was actually on postrelease control from his 2007 cases, it conceded that the issue was not moot and joined with Tolbert to file the statement of justiciability. The state further acknowledged to the trial court "that current

binding precedent in the Eighth District Court of Appeals supports Tolbert's arguments." But the state opposed Tolbert's motion "for purposes of further appellate review."

**{¶9}** After the trial court granted Tolbert's motion to vacate his postrelease control, the state moved this court for leave to appeal, asserting that the appeal "presents this court with a question of public and general interest." The state further explained that "this exact proposition of law" was currently under review by the Ohio Supreme Court in *State v. Grimes*, Supreme Court Case No. 2016-0215, and that "*Grimes* will be dispositive of the substantive issue in the instant case." Because the state believed that *Grimes* would be dispositive of the issues in this appeal, it requested this court "to accept jurisdiction in this case until the Supreme Court of Ohio render[ed] its decision in *Grimes*." This court granted the state leave to appeal and held the case until the Ohio Supreme Court issued its decision in *Grimes*, which it did so on May 24, 2017. *See State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927.

**{¶10}** Because the state and Tolbert filed their briefs with this court before the Supreme Court decided *Grimes*, this court sua sponte issued an order asking Tolbert "to determine whether the recently announced decision [in *Grimes*] is applicable to this appeal and further determine whether the appellee concedes assignment of error one." If Tolbert conceded the error, we ordered him to file a notice of conceded error by a date certain.

**{¶11}** Tolbert complied with our order and filed a supplemental memorandum, informing this court that *Grimes* was applicable but that he was not conceding assignment

of error one. Tolbert explained that *Grimes* was applicable because it established what information a trial court must include in a sentencing entry to validly impose postrelease control when the court orally provided all of the required advisements at the sentencing hearing. But Tolbert maintained that even under *Grimes*, the trial court's advisement in his 2007 cases was invalid for two reasons: (1) it was not clear whether his postrelease control was discretionary or mandatory, and (2) the sentencing entry gave no indication at all that there were consequences for violating postrelease control.

{¶12} We now turn to the state's assigned errors.

## II. Motion to Vacate Postrelease Control

{¶13} In its first assignment of error, the state argues that although the trial court followed Eighth District precedent when it vacated Tolbert's postrelease control — because the trial court failed to journalize "the specific consequences of violating postrelease control in Tolbert's 2007 cases" — the state maintains that the prior Eighth District "decisions were wrongly decided" and should be overruled.

### A. Prior Eighth District Law

{¶14} In granting Tolbert's motion, the trial court relied on our unanimous en banc decision in *State v. Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036. In *Mace*, we were asked: "whether a sentencing journal entry that states that the appellant is subject to postrelease control for the 'maximum period allowed' for that felony is void, even if the court informed the defendant at the sentencing hearing of the specific period of postrelease control imposed." This court unanimously answered that the appellant's

postrelease control was void. *Id.* at ¶ 1.

**{¶15}** This court has repeatedly followed *Mace*, finding that when a trial court failed to set forth the specific consequences for violating postrelease control (that the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed) in a sentencing entry and the defendant completed his sentence, the term of postrelease control was void and should be terminated. *See State v. Smith*, 8th Dist. Cuyahoga No. 104632, 2016-Ohio-7898; *State v. Bryant*, 8th Dist. Cuyahoga No. 102650, 2015-Ohio-3678, *discretionary appeal not allowed*, *State v. Bryant*, 144 Ohio St.3d 1505, 2016-Ohio-652, 45 N.E.3d 1050; *State v. Martin*, 8th Dist. Cuyahoga No. 102336, 2015-Ohio-2865; *State v. Love*, 8th Dist. Cuyahoga No. 102058, 2015-Ohio-1461.

**{¶16}** But we must now consider this viability of this precedent in light of the Supreme Court's recent decision in *Grimes*.

**B. *State v. Grimes***

**{¶17}** In *Grimes*, the Ohio Supreme Court accepted the state's discretionary appeal to address the following proposition of law:

> To impose valid post release control, the language in the sentencing entry may incorporate the advisements given during the sentencing hearing by referencing the post release control sections of the Ohio Revised Code and do not need to repeat what was said during the sentencing hearing.

*Grimes*, Slip Opinion No. 2017-Ohio-2927, at ¶ 7.[1]

---

[1] The Ohio Supreme Court accepted the state's discretionary appeal of an intra-district conflict in the Fifth District after the Fifth District issued an en banc decision in the case stating that "a

**{¶18}** The trial court in *Grimes* orally provided all of the required advisements to the offender at the sentencing hearing. The sentencing entry, however, only stated:

> The Court further notified the Defendant that "Post Release Control" is mandatory in this case for three (03) years as well as the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control.

*Id.* at ¶ 2.

**{¶19}** Grimes appealed to the Fifth District when the trial court denied his motion to vacate postrelease control. *State v. Grimes*, 5th Dist. Muskingum No. CT2015-0026, 2015-Ohio-3497, ¶ 13. The Fifth District held that the trial court's August 2011 sentencing entry was "silent as to the consequences of violating postrelease control" because the court "failed to inform [Grimes] if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed." *Id*. at ¶ 12.

**{¶20}** The Supreme Court first reviewed the statutory requirements for postrelease control notifications that a trial court is required to give an offender at the sentencing hearing. It stated:

> The court at a sentencing hearing must notify the offender that he or she "will" or "may" "be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for" a felony. R.C. 2929.19(B)(2)(c) and (d). The offender "will" be supervised if the offender has been convicted of a felony subject to mandatory postrelease control. R.C. 2929.19(B)(2)(c) and 2967.28(B). The offender "may" be supervised if the offender has been convicted of a less serious felony for which the APA has discretion to impose postrelease

majority of the full-time judges of the appellate district is unable to concur in a decision."

control. R.C. 2929.19(B)(2)(d) and 2967.28(C). The postrelease-control law also designates the term of supervision for each degree of felony. R.C. 2967.28(B) and (C). Additionally, the court, at the sentencing hearing, must notify the offender that if he or she "violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." R.C. 2929.19(B)(2)(e).

*Id*. at ¶ 9.

{¶21} The Supreme Court explained that although it had held in *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, that in order to validly impose postrelease control the notice given at the sentencing hearing must be incorporated into the sentencing entry, it had never "decided whether — and if so, how — notice of the consequences of violating a condition of postrelease control must also be incorporated into the sentencing entry." *Grimes* at ¶ 11, citing *Jordan* at ¶ 17.

{¶22} The Supreme Court held that to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the "minimally compliant" sentencing entry must contain the following information:

(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the APA will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Id*. at ¶ 1, 13.

{¶23} The Supreme Court explained that "'our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry.'" *Id*. at ¶ 14, quoting *State v. Qualls*, 131 Ohio St.3d

499, 2012-Ohio-1111, 967 N.E.2d 718. The court further explained that "we have deemed the 'preeminent purpose' of R.C. 2967.28 to be that 'offenders subject to postrelease control know at *sentencing* that their liberty could continue to be restrained after serving their initial sentences.'" (Emphasis sic.) *Id*., quoting *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78.

{¶24} "A sentencing entry's silence on postrelease control, however," would be invalid "because it is the sentencing entry that 'empowers the executive branch of government to exercise its discretion[.]'" *Id*. at ¶ 15, quoting *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Essentially, the Supreme Court made clear that "a minimally compliant" sentencing entry "must provide the APA the information it needs to execute the postrelease-control portion of the sentence." *Id*. at ¶ 17. The Supreme Court explained that the entry in *Grimes* incorporated all the notifications necessary for the APA to perform its job. *Id*. Specifically, "[b]y specifying that Grimes was subject to mandatory supervision for three years, the entry informed the APA that it lacked discretion as to whether to impose postrelease control or for how long." *Id*. And because the entry also informed the APA that Grimes had been advised that if he violated any of the conditions of postrelease control there would be consequences, up to and including prison time, as described in R.C. 2967.28(D)(1), "the APA could review R.C. 2967.28 for necessary information about its authority to impose postrelease control and to punish Grimes for any violations." *Id*. at ¶ 18.

C. *Grimes* Applied

**{¶25}** The state argued in its motion for leave to appeal that *Grimes* would be dispositive of the issues in this case. When reviewing the trial court's postrelease control advisement in the sentencing entry in this case, there is no question that the trial court informed Tolbert of the duration of postrelease control — three years. With respect to the remaining requirements, however, Tolbert raises two arguments, which we address below.

### 1. Discretionary or Mandatory

**{¶26}** Tolbert first argues that the trial court's sentencing entry was invalid under *Grimes* because the trial court did not specifically use the word "mandatory." We disagree.

**{¶27}** The trial court's statement that "[p]ostrelease control is part of this prison sentence for 3 years" conveyed to Tolbert that his supervision would be mandatory for three years. *See State v. McGee*, 8th Dist. Cuyahoga No. 101307, 2014-Ohio-5289 (court's sentencing entry, which stated: "postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28," provided the defendant with notice that he would be subject to mandatory postrelease control); *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, ¶ 6 (court's statement to defendant that "you'll be on a period of supervision" was sufficient to notify him of the mandatory nature of his postrelease control).

### 2. Consequences for Violating Postrelease Control

**{¶28}** Tolbert next argues that the trial court's sentencing entry was invalid under

*Grimes* because it did not give any "indication that there are consequences for violating postrelease control." We agree with this argument.

{¶29} In *Grimes*, the Supreme Court held that a trial court need not specifically spell out the consequences for violating postrelease control in the sentencing entry as long as it did so at the sentencing hearing. But it held that the sentencing entry must still contain an advisement "that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in the statute." Here, the sentencing entry says nothing about Tolbert being subject to any consequences for violating the terms of his postrelease control. Accordingly, we hold that even under *Grimes*, the trial court's sentencing entry was not sufficient to validly impose postrelease control.

{¶30} Thus, after reviewing *Grimes's* applicability to prior Eighth District cases, we find that they are overruled by *Grimes* to the extent that these cases found postrelease control to be invalid when the sentencing entry did not spell out the specific consequences for violating postrelease control. But we note that a trial court must still advise an offender that he or she will be subject to consequences under R.C. 2967.28. *Grimes* at ¶ 1.

{¶31} We need not address the state's remaining arguments within its first assignment of error because they are moot in light of *Grimes*, which the state acknowledged in its motion for leave to appeal and in its appellate brief.

{¶32} The state's first assignment of error is overruled.

### III. Retroactivity

{¶33} In its second assignment of error, the state maintains that when the trial court announced Tolbert's sentences in 2007, the postrelease control advisement was sufficient under Eighth District law at that time. Subsequent to Tolbert's sentence, however, the Eighth District "announced a new rule of law when it held that in order to impose postrelease control sanctions, the sentencing journal entry must specifically state that if the offender violates postrelease control, he could be subject up to an additional prison term of up to one-half of the originally stated prison term." The state maintains that this "new" rule of law should not have been applied retroactively. We disagree.

{¶34} It is well established that when postrelease control is not properly imposed, the sentence is void and must be set aside. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 (providing a history of Supreme Court cases on void postrelease control). Further, a void sentence can be attacked at any time. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (a sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time).

{¶35} Because the portion of Tolbert's sentence entry that improperly advised him of postrelease control is void, the state's argument that Eighth District law should not be retroactively applied is without merit.

{¶36} The state's second assignment of error is overruled.

**{¶37}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR