[Cite as *State v. Madrid*, 2018-Ohio-1873.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No.  L-17-1299

　　　　　Appellee                                    Trial Court No. CR0201401143

v.

Michael Ray Madrid                              **DECISION AND JUDGMENT**

　　　　　Appellant                                 Decided:  May 11, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Timothy Young, State Public Defender, and Peter Galyardt,
Assistant State Public Defender, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} This is an accelerated appeal of the judgment of the Lucas County Court of

Common Pleas, denying appellant's, Michael Madrid, "Motion to Vacate Void Judicial-

Sanction Sentence."

## A. Facts and Procedural Background

{¶ 2} The facts of this case are straightforward. On November 29, 2006, appellant entered a plea pursuant to *North Carolina v. Alford* in case No. CR0200601180 to one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of involuntary manslaughter in violation of R.C. 2903.04(A) and (C), felonies of the first degree. The trial court accepted appellant's plea, found him guilty of the aforementioned charges, and sentenced him to seven years in prison on each offense, to be served concurrently. While sentencing appellant, the trial court informed him that he would be subject to five years mandatory postrelease control. However, the court's sentencing entry merely states: "Defendant given * * * postrelease control notice under R.C. 2929.19(B)(3) and R.C. 2967.28." The entry omits any reference to a mandatory five-year term of postrelease control.

{¶ 3} On January 29, 2014, appellant was indicted on one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(d), a felony of the second degree, one count of trafficking in heroin in violation of R.C. 2925.03(A)(2) and (C)(6)(e), a felony of the second degree, one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(c), a felony of the third degree, one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(d), a felony of the third degree, one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree, one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(a), a felony of the fourth degree, and one count of having

2.

weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. Appellant was serving his five-year term of postrelease control at the time of his indictment.

{¶ 4} Following pretrial discovery and plea negotiations, appellant appeared before the trial court on March 13, 2014, and entered a plea of no contest to the lesser included offense of trafficking in heroin in violation of R.C. 2925.03(A)(2) and (C)(6)(e), a felony of the third degree, trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(d), a felony of the third degree, and aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(a), a felony of the fourth degree. Pursuant to the parties' plea agreement, the state agreed to dismiss the remaining charges. The trial court accepted appellant's no contest plea, found him guilty of the aforementioned charges, and continued the matter for sentencing.

{¶ 5} At a sentencing hearing held on April 17, 2014, the court ordered appellant to serve 30 months in prison for the charges of trafficking in heroin and trafficking in cocaine, to be served concurrently. Additionally, the court imposed a 14-month prison sentence as to the charge for aggravated trafficking in drugs, and ordered that the 14-month sentence be served consecutive to the 30-month sentence, for a total prison sentence of 44 months. Additionally, the court found that appellant committed the foregoing offenses while released on postrelease control in case No. CR0200601180. Consequently, the court found appellant in violation of the terms of his postrelease control, and ordered appellant to serve an additional 1,361 days in prison, to be served consecutive to his 44-month prison term.

3.

{¶ 6} Over three years later, on October 20, 2017, appellant filed a "Motion to Vacate Void Judicial-Sanction Sentence." In the motion, appellant argued that the trial court's 1,361-day postrelease control prison sentence should be vacated under the authority of the Ohio Supreme Court's decision in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, because the trial court failed to set forth appellant's mandatory five-year term of postrelease control in its sentencing entry in case No. CR0200601180. As a result of this failure, and because appellant had already completed his 44-month sentence in this case, appellant asserted that he was entitled to an immediate release from prison.

{¶ 7} On November 9, 2017, the trial court released its decision denying appellant's motion to vacate. In its decision, the court stated the following, in pertinent part:

10. Until the decision in *Grimes*, it was never designated what had to be incorporated into the sentencing entry because the *notification* was the primary concern. Now, the Ohio Supreme Court is applying the *Grimes* requirements to old cases that relied on prior decisions. Because the Ohio Supreme Court changed the law, it should have been prospective and not retroactively applied like they did in *State v. Schroeder*, 2017-Ohio-7858. This application of *Grimes* could adversely affect thousands of cases in Ohio.

11. It is interesting that R.C. 2967.28(B) has been totally ignored by the *Grimes* majority. This section specifically states that the failure to

4.

comply with R.C. 2929.19(B)(2) does not negate or limit the mandatory period of post-release control. See also R.C. 2929.19(B)(2)(c).

12. It is also interesting to note that the issue could have been raised on direct appeal, and pursuant to *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, it may have been res judicata by not raising this issue on direct appeal.

For the above stated reasons, the court in Case No. CR0200601180 properly *notified* the defendant of the post-release conditions and properly put the notification in the sentencing entry based upon the law at that time. This court has chosen not to apply *Grimes* retroactively and only hold the trial judge to the law at that time. In addition, pursuant to R.C. 2967.28(B), the legislature indicated that a violation of R.C. 2929.19(B)(3) does not negate the mandatory period of post-release control. The legislature created post-release control and should control how it is imposed. For these reasons the motion to vacate or void the post-release control portion of Case No. CR0200601180 that was imposed in this case is DENIED. (Emphasis sic.).

### B. Assignment of Error

{¶ 8} Following the trial court's denial of his motion to vacate, appellant filed a timely notice of appeal, asserting the following assignment of error:

{¶ 9} The trial court erred when it denied Michael Madrid's motion to vacate his judicial-sanction sentence.

## II. Analysis

{¶ 10} In his sole assignment of error, appellant argued that the trial court erred in denying his motion to vacate the 1,361-day sentence attributable to his postrelease control violation.

{¶ 11} We review the trial court's denial of appellant's motion to vacate de novo. *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8.

{¶ 12} In *Grimes*, *supra*, the Ohio Supreme Court examined the manner in which trial courts must inform criminal defendant's concerning postrelease control. Ultimately, the court held that to validly impose postrelease control, a trial court must include the following information in its sentencing entry:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute. *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 1.

{¶ 13} Here, the trial court's sentencing entry in case No. CR0200601180 did not include the foregoing information. Thus, appellant contends that his postrelease control sanction should be vacated. In response, the state advances several arguments as to why

6.

appellant's postrelease control sanction should not be vacated. Among these arguments, the state asserts that the statutes in effect at the time of appellant's sentencing did not require the judgment entry to reiterate the trial court's verbal postrelease control notification. Indeed, R.C. 2929.19(B)(2)(c) merely requires a trial court to "[n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison" when imposing a sentence for which the offender will be subject to postrelease control. Moreover, that section also provides:

> If a court imposes a sentence including a prison term of a type described in division (B)(2)(c) of this section on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code.

{¶ 14} Here, the trial court's verbal notification, paired with its reference to the relevant sentencing statutes in its sentencing entry, complied with the postrelease control requirements in effect at the time of sentencing. Appellant does not dispute this fact. The state insists that *Grimes* should not be applied retroactively to appellant's postrelease control sentence, which was imposed long before *Grimes* was released. We agree.

7.

**{¶ 15}** In *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, the Ohio Supreme Court instructed that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Id.* at ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972). In the criminal context, the court explained that a new judicial ruling "may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Id.*

**{¶ 16}** In the present case, appellant had exhausted all of his appellate remedies several years prior to the Ohio Supreme Court's decision in *Grimes*. Consequently, his conviction had already become final, and therefore not subject to the application of *Grimes*. *State v. Schroeder*, 151 Ohio St.3d 345, 2017-Ohio-7858, 88 N.E.3d 957, does not command a different result. According to the trial court, the Ohio Supreme Court retroactively applied *Grimes* when it issued its decision in *Schroeder*. However, *Schroeder* was pending before the Ohio Supreme Court when *Grimes* was released. Thus, *Grimes* was *prospectively* applied in *Schroeder*. Such is not the case here given the fact that apellant's motion to vacate had not yet been filed on the date *Grimes* was announced and was therefore not pending on the announcement date.

**{¶ 17}** Because appellant's sentencing entry complied with the preexisting body of case law concerning the imposition of postrelease control, we find that the trial court properly denied appellant's motion to vacate his postrelease control sanction. Accordingly, appellant's assignment of error is not well-taken.

8.

### III. Conclusion

{¶ 18} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.