[Cite as *17AP-762*, 2018-Ohio-2529.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-762 |
| v. | : | (C.P.C. No. 12CR-1841) |
| Andre D. Harper, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Andre D. Harper, appeals a decision of the Franklin County Court of Common Pleas entered on September 29, 2017 denying his motion for the trial court to consider void his previously imposed post-release control term and to order his immediate release. Because the judgment entry in Harper's case insufficiently notified him of consequences he could face if he violates conditions of post-release control on his release from prison, we remand the decision to the trial court for it to correct its entry nunc pro tunc in accordance with R.C. 2929.19(B)(2)(e) and *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 12, 2012, a Franklin County Grand Jury indicted Harper for two counts of robbery, felonies of the second and third degree respectively. (Apr. 12, 2012 Indictment.) Harper was charged for attempting to steal approximately $1,800 worth of

merchandise from Macy's. (Feb. 13, 2013 Sentencing & Plea Tr. at 4-5, filed Dec. 1, 2017.) Loss prevention officers at Macy's apparently apprehended him during his attempt but, in the course of being apprehended, Harper bit one male officer on the shoulder and bit a female office once on the hand and twice on the face. *Id.* Harper initially pled "not guilty." (Apr. 16, 2012 Plea Form.)

{¶ 3} After a number of pre-trial proceedings, including one at which Harper failed to appear and was subsequently arrested on a capias order, he agreed to plead guilty to a third-degree felony robbery charge with a recommended sentence of three years in exchange for dismissal of the second-degree robbery charge and time served on his failure to appear case. (Nov. 2, 2012 Capias; Nov. 19, 2012 Capias Return; Feb. 15, 2013 Plea Form.) The trial court held a combined plea and sentencing hearing on February 13, 2013. At this hearing, the trial court heard testimony that was not transcribed until after the trial court issued its decision now under review and for which we declined to allow Harper to supplement the appellate record with the hearing transcript. (Sentencing & Plea Tr. at 12-14; Dec. 27, 2017 Entry Denying Supplement.) We thus presume the regularity of proceedings and that Harper was appropriately orally notified of post-release control.[1]

---

[1] We note that this presumption is a reasonable one because, although it is not technically before us, the transcript reflects the following exchange:

> THE COURT: Now, the three years in prison is not the end of your problems with the legal system for this crime. You will be supervised by a parole officer for three more years after you get out of prison. That's covered on the top of page 2. It's called post-release control.
>
> THE DEFENDANT: [My attorney] explained it to me.
>
> THE COURT: I assume you know, because the form covers this, but I want to make sure.
>
> While you're supervised after prison for three years, you'll have to see a parole officer, not do drugs, not commit new crimes, not run away from the state or hide from your parole officer or do anything stupid. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: If you break those rules of the Adult Parole Authority during that three-year period, they will not call me and they won't call [your attorney], but they'll punish you with more jail time or prison time for not doing the three-year-supervision period correctly. Do you understand?
>
> THE DEFENDANT: Uh-hum.
>
> THE COURT: Is that a yes?
>
> THE DEFENDANT: Yes.

*State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, ¶ 14; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 4}    In addition to receiving presumptive oral notification, Harper signed a notice that reads as follows:

> After you are released from prison you {will} ~~may~~ have a period of post-release control for _3_ years following your release from prison.  If you violate post-release control sanctions imposed upon you, any one or more of the following may result:
>
> (1) The Parole Board may impose a more restrictive post-release control sanction upon you; and
>
> (2) The Parole Board may increase the duration of the post-release control subject to a specified maximum; and
>
> (3) The more restrictive sanction that the Parole Board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon you; and
>
> (4) If the violation of the sanction is a felony, you may be prosecuted for the felony and, in addition to any sentence it imposes on you for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation.

(Feb. 15, 2013 Notice.)  Harper also signed a plea form that he would be subject to three years of mandatory post-release control:

> I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months.  The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed.  I understand that I may be prosecuted,

---

> THE COURT: All right. Because we can't write down "uh-hum" very well, so I need you to articulate.
>
> That could add up to another year and a half to your jail sentence, or your prison sentence, depending on where they punish you, if you do bad stuff during that three-year-supervision period. They can add up to half again onto my original three-year sentence, okay? Do you understand, sir?
>
> THE DEFENDANT: Yes.

(Sentencing & Plea Tr. at 12-14.)

> convicted, and sentenced to an additional prison term for a violation that is a felony. I also understand that such felony violation may result in a consecutive prison term of twelve months or the maximum period of unserved post-release control, whichever is greater. Prison terms imposed for violations or new felonies do not reduce the remaining post-release control period(s) for the original offense(s).

(Feb. 15, 2013 Plea Form at 2.)

{¶ 5} In its judgment entry, the trial court did not again set forth all the parameters of post-release control but instead stated, "[t]he Court also notified the Defendant of the applicable period of **3 years mandatory post-release control** pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." (Emphasis sic.) (Feb. 15, 2013 Jgmt. Entry at 2.) Harper did not appeal that entry.

{¶ 6} Approximately four and one-half years later, on July 7, 2017, Harper filed a motion for the court to vacate post-release control, alleging its imposition void for having been improperly imposed. (July 7, 2017 Mot. to Vacate Post Release Control.) Since Harper had completed his original prison sentence, he alleged in his motion that the appropriate remedy was to vacate post-release control and order his release from a subsequent prison term imposed for his performance on post-release control. *Id.* The trial court denied Harper's motion, inadvertently referencing former R.C. 2929.19(B)(3) rather than current R.C. 2929.19(B)(2) in its entry. (Sept. 29, 2017 Decision at 2.)

{¶ 7} Harper now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 8} Harper assigns a single error for review:

> The trial court erred by denying the defendant-appellant's motion to vacate the post-release control part of his sentence.

## III. DISCUSSION

{¶ 9} "[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing" and "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23.[2] "[S]tatutorily compliant notification" includes "notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499,

---

[2] See also *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 35-36, noting that, rather than provide a de novo sentencing hearing, courts may apply corrective procedures as set forth in R.C. 2929.191.

2012-Ohio-1111, ¶ 18. The "preeminent purpose" of such notice is that "offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences." *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 52. However, because a court is generally said to speak only through its journal, the trial court, in addition to oral notification at the sentencing hearing, is "required to incorporate that notice into its journal entry imposing sentence." *Jordan* at ¶ 6, 17, paragraph one of the syllabus.

{¶ 10} During the combined sentencing and plea hearing, Harper was appropriately notified both orally and in writing of the three-year mandatory term of post-release control and the consequences for violating its terms. (Feb. 15, 2013 Notice; Feb. 15, 2013 Plea Form at 2.) *Bardwell* at ¶ 14; *Knapp* at 199. The real question in this case is whether the trial court's journal entry sufficiently and lawfully incorporated notice of post-release control.

{¶ 11} Notification and incorporation in the judgment entry of the post-release control sanction are necessary to "empower[] the executive branch of government to exercise its discretion." *Jordan* at ¶ 22. Accordingly, "to validly impose postrelease control, a minimally compliant entry must provide the [Adult Parole Authority] the information it needs to execute the postrelease-control portion of the sentence." *Grimes* at ¶ 13. The Supreme Court of Ohio has explained that a "sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶ 1.

{¶ 12} In Harper's case, the trial court's entry only included language that "[t]he Court also notified the Defendant of the applicable period of **3 years mandatory post-release control** pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." (Emphasis sic.) (Feb. 15, 2013 Jgmt. Entry at 2.) The entry clearly specified the length of the term and the mandatory nature of the term. But whether the reference alone to "R.C. 2929.19(B)(3)(c), (d) and (e)" was sufficient notice to Harper and to instruct the APA is the issue for determination. Language should be included that informs the APA that it "will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of

postrelease control will subject the offender to the consequences set forth in that statute." *Grimes* at ¶ 1.

{¶ 13} In *Grimes*, the Supreme Court found the following judgment entry language sufficient:

> The Court further notified the Defendant that **'Post Release Control'** is **mandatory** in this case for *three (03) years* as well as the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control.

(Emphasis sic.) *Grimes* at ¶ 2, 25. By contrast, the Eighth District Court of Appeals, relying on *Grimes*, found the following trial court language to be insufficient: "Postrelease control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28." *State v. Tolbert*, 8th Dist. No. 105326, 2017-Ohio-9159, ¶ 4, 28-30.

{¶ 14} Comparing Harper's sentencing language to that used by courts in *Grimes* and *Tolbert*, we find that Harper's judgment entry did not contain language that minimally set forth the consequences of violating post-release control. The trial court did not at all mention in its entry the consequences of violating the terms of post-release control and did not cite the statute that establishes the consequences for violation, R.C. 2967.28. (Feb. 15, 2013 Jgmt. Entry at 2.) Harper's judgment entry did cite R.C. 2929.19 and, in denying Harper's motion to vacate, the trial court noted that R.C. 2929.19 includes references to supervision pursuant to R.C. 2967.28. (Sept. 29, 2017 Decision at 2.) S*ee also* R.C. 2929.19(B)(2)(c) through (e). Even if we were to hold that language to be sufficient, the trial court's entry in Harper's case did not cite the proper division of R.C. 2929.19. The trial court cited "R.C. 2929.19(B)(3)(c), (d) and (e)," but the proper division, both at the time Harper was sentenced, and now, is R.C. 2929.19(B)(2). *See* 2011 Am.Sub.H.B. No. 86.[3] Thus, the trial court's judgment entry in Harper's case did not mention consequences of any kind, did not cite the statute that provides for such consequences, and referenced the wrong division of the sentencing statute as applicable to Harper. Under *Grimes*, the trial court's judgment entry insufficiently incorporated notice of post-release control.

{¶ 15} The State argues that the *Grimes* decision should not be applied "retroactively" to Harper's case. (State's Brief at 4-7.) The Supreme Court has recognized

---

[3] Reported online as 2011 Ohio HB 86.

that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186 (1972). That is, a "new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali* at ¶ 6, citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 323 (1995); *Doe v. Trumbull Cty. Children Serv. Bd.*, 28 Ohio St.3d 128 (1986), paragraph one of the syllabus; *Evans* at 186; *State v. Lynn*, 5 Ohio St.2d 106, 108 (1966); *State v. Gonzalez*, 138 Ohio App.3d 853, 859 (1st Dist.2000). But the Supreme Court has also embraced a view that a failure to properly impose post-release control renders a sentence void in relevant part and therefore open to challenge at any time, irrespective of finality or other principles of res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraphs one and two of the syllabus. So for this limited purpose, finality and res judicata do not bar relief for Harper under *Grimes*.[4] *Tolbert* at ¶ 33-35 (applying *Grimes* retroactively); *see also State v. Schroeder*, 151 Ohio St.3d 345, 2017-Ohio-7858 (retroactively applying *Grimes* to an appeal pending when *Grimes* was decided); *but c.f.*, *State v. Madrid*, 6th Dist. No. L-17-1299, 2018-Ohio-1873, ¶ 15-16 (distinguishing *Schroeder* and affirming a trial court decision that declined to retroactively apply *Grimes*).

{¶ 16} Harper argues, having completed his original prison term, that post-release control may not now be reimposed and that he must be released from post-release control or from confinement for violation of it. (Harper's Brief at 18.) The Supreme Court has "recognize[d]" that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Qualls* at ¶ 16, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 28-30; *Watkins* at ¶ 48-51. We note that principle from *Qualls* is based on a case where post-release control was not imposed at all in the entry and no notification was given. *See Hernandez* at ¶ 1, 28. In Harper's case, a mandatory three-year term of post-release control was duly imposed and Harper received repeated notices both in writing and

---

[4] Though we and others have previously raised questions about the "voidness" doctrine that the Supreme Court has created in this context, until the Supreme Court revisits that line of jurisprudence, it remains the law of Ohio. *State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 16, fn. 1; *see also Grimes* at ¶ 34-39 (DeWine, J., concurring in judgment only); *Fischer* at ¶ 41-57 (Lanzinger, J., dissenting).

orally about the terms of post-release control. (Sentencing & Plea Tr. at 12-14; Feb. 15, 2013 Notice; Feb. 15, 2013 Plea Form at 2; Feb. 15, 2013 Jgmt. Entry at 2.) The only problem with Harper's sentencing entry is that the consequences of violating post-release control were not specifically mentioned in the judgment entry. (Feb. 15, 2013 Jgmt. Entry at 2.)

{¶ 17} The situation in this case is therefore not on all fours with *Hernandez* and is more analogous to the situation in *Watkins*. In *Watkins*, multiple prisoners, all of whom had finished their original prison sentences but were still under post-release control, sought writs of habeas corpus because the judgment entries that imposed post-release control were ambiguous about whether it was mandatory or discretionary. *Watkins* at ¶ 25, 42, 50. In that circumstance, the Supreme Court distinguished *Hernandez* and declined to grant the writ ordering the prisoners' release because it found that they could have raised the issue in a direct appeal and that post-release control was validly imposed following completion of their original prison terms, notwithstanding the problems in the entries. *Id.* at ¶ 49-53; *Qualls* at ¶ 16.

{¶ 18} In Harper's case, although the imposition of post-release control in the judgment entry was defective under *Grimes*, it stated enough information (length and mandatory nature of the post-release control term) to impose post-release control and permit the APA to begin administering it after he completed his original prison term. As a consequence, like those in *Watkins* and unlike the defendant in *Hernandez*, Harper remains validly under sentence, even though it may not have been perfectly imposed. This finding is also consistent with R.C. 2929.19(B)(2)(e), which provides in relevant part, "the failure of a court to notify the offender * * * that the parole board may impose a prison term * * * for a violation of that supervision or a condition of post-release control * * * or to include in the judgment of conviction * * * a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature."

{¶ 19} Harper's assignment of error is sustained insofar as the judgment entry should be corrected. Releasing him is not warranted under the circumstances, because we conclude that the appropriate remedy in this case is that a nunc pro tunc entry be issued correcting the deficiency in the judgment entry as defined in *Grimes*. Accordingly, we remand the matter to the trial court to correct Harper's judgment entry nunc pro tunc.

## IV.  CONCLUSION

{¶ 20}  Supreme Court of Ohio precedent renders judgment entries partially void if post-release control is not appropriately imposed and consequently enables the relevant parts of such entries to be challenged at any time.  Because challenge may occur at any time concerning this issue, and because the judgment entry in this case imposes the appropriate term of mandatory post-release control but does not at all mention the consequences to the offender for violating post-release control, we remand to the Franklin County Court of Common Pleas for the issuance of a nunc pro tunc entry that complies with *Grimes*.

*Judgment affirmed*
*and cause remanded for nunc pro tunc entry.*

HORTON, J., concurs.
SADLER, J., dissents.

SADLER, J., dissenting.

{¶ 21}  The majority opinion, in essence, holds that this court is required to remand, for the issuance of a nunc pro tunc entry, any sentencing entry issued prior to the Supreme Court of Ohio's 2017 decision in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, that does not comply with *Grimes* requirements.  Because I believe *Grimes* does not apply retroactively to require a nunc pro tunc entry in this case, I dissent.

{¶ 22}  The majority opinion at paragraph 15 justifies retroactively applying *Grimes* by citing to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, and its invocation of the voidness doctrine to remedy improperly imposed post-release control.  While I recognize the "voidness" doctrine exists as precedent in this area of law,[5] I nonetheless do not believe the voidness doctrine means that *Grimes* must be applied retroactively here.

{¶ 23}  First, *Grimes* itself is silent on its retroactive application, and the majority opinion in *Grimes* expressly refused to address the issue of whether such entries are void or merely voidable.  Second, the majority opinion's reasoning—that *Grimes* applies

---

[5] In line with the concurring opinions of JJ. DeWine and French in *Grimes*, I believe that traditional principles of res judicata should apply to post-release control sentencing errors.  *See generally Grimes* at ¶ 27-63 (DeWine and French, JJ., concurring in judgment only).  I further agree with the concerns expressed by the concurring opinions of JJ. Kennedy and DeWine in *Grimes* regarding the growing disconnect between post-release control judicial decisions and the plain language of the statutory scheme.  By retroactively applying new judicial opinions on post-release control as a matter of course, as the majority opinion does here, we compound this problem and risk enabling a judicial system whereby new case law continuously applies to revive otherwise final judgments.

retroactively because the sentencing entry is improper (and partially void) under *Grimes*— seems circular. To me, a judgment entry that is void under the law at the time it was imposed, and therefore correctable at any time, is different conceptually from a judgment entry that was properly imposed under the law at the time but at odds with a later judicial opinion. In the later scenario, I believe the general retroactivity rule for new judicial opinions stated in *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, should be applied, even within this unique strain of post-release control law. As recognized by the majority opinion, at least one other appellate district has concluded the same. *See, e.g., State v. Madrid*, 6th Dist. No. L-17-1299, 2018-Ohio-1873, ¶ 12-17 (concluding, under *Ali*, the appellant's conviction was final and not subject to retroactive application of *Grimes*). To do otherwise invites a perpetual wave of collateral challenges to otherwise final judgment entries each time a nuance is added to post-release control jurisprudence.

{¶ 24} In this case, Harper was provided statutorily compliant notification regarding post-release control at his hearing. At the time the trial court entered its sentencing entry in February 2013, it was required to "incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 19, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus. However, until *Grimes*, the Supreme Court had "not decided whether—and if so, how—notice of the consequences of violating a condition of postrelease control must also be incorporated into the sentencing entry." *Id.* at ¶ 11.

{¶ 25} As Harper exhausted all his appellate remedies, pursuant to *Ali*, I would not apply *Grimes* retroactively and would not find the sentencing entry here insufficient for failing to set forth consequences for violating post-release control under law at the time it was issued. Therefore, I would overrule Harper's assignment of error.[6] Because the majority opinion holds otherwise, I respectfully dissent.

————————————

[6] The state cites as supplemental authority *State ex rel. Oliver v. Turner*, ___ Ohio St.3d ___, 2018-Ohio-2102. In *Oliver*, the Supreme Court determined in part that a writ of habeas could issue where a petitioner-inmate claims the Bureau of Sentence Computation misunderstood the legal effect of a sentencing entry when it added two years to his maximum release date, as opposed to claiming an error in the sentencing entry amenable to remedy by direct appeal. Because I do not find *Oliver* determinative to resolving the assignment of error in this case, I decline to address it here.