**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rudert v. Collier,* Slip Opinion No. 2016-Ohio-1600.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1600

THE STATE EX REL. RUDERT, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rudert v. Collier,* Slip Opinion No. 2016-Ohio-1600.]

*Mandamus—Prohibition—Denial of motion to terminate postrelease control as improperly imposed—Relator has adequate remedy via appeal from denial of motion—Writs denied.*

(No. 2015-1398—Submitted January 27, 2016—Decided April 21, 2016.)

APPEAL from the Court of Appeals for Henry County, No. 7-15-05.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Court of Appeals for the Third District denying a petition for writs of mandamus and procedendo, but for reasons other than those given by the court of appeals.

*Facts*

**{¶ 2}** Relator-appellant, Jeffrey F. Rudert, was convicted of two counts of rape in 2003 and sentenced to two consecutive six-year terms of incarceration. The sentencing entry stated that he "shall be subject to post release control of up to three years." Three and a half years later, the trial court journalized a nunc pro tunc order correcting the 2003 order by replacing the phrase "shall be subject to post release control of up to three years" with the phrase "shall be subject to post release control of five (5) years." However, in neither entry did the court explain to Rudert the consequences of violating postrelease control. The court also apparently had not explained the consequences in the sentencing hearing.

**{¶ 3}** In 2015, after completing his term of incarceration, Rudert filed in the trial court a motion to terminate postrelease control. Respondent-appellee, Judge John S. Collier of the Henry County Court of Common Pleas, finding that the motion was actually a petition for postconviction relief, dismissed it as untimely. Rudert apparently did not appeal.

**{¶ 4}** Rudert filed an action in mandamus and/or prohibition requesting a writ compelling the trial court to issue a valid final judgment in the underlying case, relieving Rudert of postrelease-control obligations. Judge Collier filed an answer asserting, among other things, that the trial court was without jurisdiction to issue an order "granting Relator's motion for post conviction relief."

**{¶ 5}** The court of appeals issued an opinion and entry stating that "the trial court loses jurisdiction to take any action in the criminal case when the maximum prison term has been served." Accordingly, the court of appeals dismissed Rudert's petition.

**{¶ 6}** Rudert appealed.

*Analysis*

**{¶ 7}** To be entitled to a writ of procedendo, Rudert must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to

proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

**{¶ 8}** To be entitled to a writ of mandamus, Rudert must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Rudert must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 9}** The court of appeals correctly dismissed Rudert's original action, but for the wrong reasons. The court first found that when the sentencing entry fails to notify the offender of possible sanctions for violating postrelease control and the offender is still in prison, no extraordinary remedy exists because the entry can be corrected under R.C. 2929.191. But the court then found that when the offender has served his maximum sentence, as Rudert has, the trial court loses all jurisdiction to take any action in the case.

**{¶ 10}** The court below cited *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, for the proposition that the trial court loses all jurisdiction to take any action. But *Holdcroft* holds only that after a defendant serves his entire sentence, the trial court "loses jurisdiction to resentence [him] for the purpose of *imposing* postrelease control." (Emphasis added.) *Id.* at ¶ 5. Rudert is not asking for a resentencing to impose postrelease control; Rudert is asking to terminate the portion of his sentence imposing postrelease control because it was improperly imposed. Nothing in *Holdcroft* prevents the trial court from doing so.

**{¶ 11}** However, Rudert has an alternate remedy in the ordinary course of the law in that he could appeal the trial court's dismissal of his motion to terminate his postrelease control. Because of this alternate remedy, the court cannot issue either a writ of mandamus or a writ of procedendo. We therefore affirm on this basis.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Jeffrey F. Rudert, pro se.

_____