[Cite as *State v. Ellis*, 2017-Ohio-7606.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105108 and 105155**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# WILLIAM ELLIS

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-07-498821-A and CR-07-495646-A

**BEFORE:** Laster Mays, J., Keough, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 14, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Frank Romeo Zeleznikar
Assistant County Attorney
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, William Ellis's ("Ellis") consolidated appeal challenges the trial court's denial of Ellis's motion to terminate postrelease control in two separate convictions. The appeal has been placed on the accelerated docket, affording a concise and expeditious resolution. App.R. 11.1, App.R. 11.1(E), Loc.R. 11.1; *State v. Smith*, 8th Dist. Cuyahoga No. 104632, 2016-Ohio-7898, ¶ 1, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶2} The matter was submitted on the briefs, and the state has recently conceded the error. We reverse the trial court's determination and remand with instructions to terminate postrelease control ("PRC").

{¶3} On December 3, 2007, in *State v. Ellis*, Cuyahoga C.P. No. CR-07-495646-A, Ellis was sentenced to five years in prison after a jury conviction for two counts of gross sexual imposition under R.C. 2907.05(A)(1), one count of assault pursuant to R.C. 2903.13, one count of kidnapping with a sexual motivation specification pursuant to R.C. 2905.01(A)(2) and 2941.147, and one count of kidnapping with a sexual motivation specification pursuant to R.C. 2905.01(A)(4) and 2941.147:

> The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 5 year(s). [Eighteen] months on each of Counts 2 and 3 [gross sexual imposition], to run consecutive to each other; 5 years on Counts 6 and 7 [kidnapping with sexual specification] which merge into felony 1. Counts 2 and 3 to run concurrent to Counts 6 and 7 for a total of 5 years. *([Five] years postrelease control is mandatory) postrelease control is part of this prison*

*sentence for 5 years for the above felony(s) under R.C. 2967.28.* As to Count 5 [assault], defendant is sentenced to county jail for a term of 6-months. Execution of sentence suspended as to Count 5. Defendant advised of appeal rights. * * * HB 180 hearing. * * *. Defendant is classified as a sexually oriented offender. *See* separate journal. * * * Defendant is a Tier II registrant. *See* Journal Entry No. 48837609 dated December 3, 2007.

(Emphasis added.)

{¶4} On February 28, 2008, in *State v. Ellis,* Cuyahoga C.P. No. CR-07-498821-A, Ellis was found guilty by jury verdict of felonious assault, R.C. 2903.11(A)(2), a third-degree felony, and criminal damaging R.C. 2909.06(A)(1), a second-degree misdemeanor:

The jury returns a verdict of guilty of felonious assault [R.C.] 2903.11 (A)(2) F3 as charged in Count(s) 2 of the indictment. The jury returns a verdict of guilty of criminal damaging [R.C.] 2909.06 a(1) M1 as charged in count(s) 4 of the indictment. * * * Court proceeds to sentencing. Defendant addresses the court, prosecutor addresses the court. As to count 2, the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 3 year(s). Sentence to be served consecutively with CR-495646. *Postrelease control is mandatory for a 3-year period. Postrelease control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28.* Defendant to receive jail time credit for 133 day(s), to date. As to Count 4, M2, defendant sentenced to 1-month in county jail; credit for time served. Defendant advised of appeal rights. Defendant indigent, court appoints * * * appellate counsel. Transcript at state's expense. Defendant is to pay court costs. *See* Journal Entry No. 50251307 dated February 28, 2008.

(Emphasis added.)

{¶5} On May 18, 2015, Ellis was released from prison and placed on PRC. On July 18, 2016, Ellis filed a motion to terminate PRC for the two cases. The trial court denied the motions on October 18, 2016:

In response to defendant's motion for order of release and termination of postrelease control supervision, motion is denied. It is denied on authority of *State Ex rel. Rudert v. Collier*, 146 Ohio St.3d 441, 57 N.E.3d 1152 (2016). *See* Journal Entry No. 96102003.

**{¶6}** Ellis's single assignment of error asserts that the trial court incorrectly denied the motion to terminate the PRC. We agree.

**{¶7}** At the time of sentencing, the trial court is required to provide the defendant with "statutorily compliant" notice of PRC details and the consequences of violating, and to include the notification in the sentencing entry. *State v. Loper*, 8th Dist. Cuyahoga No. 104828, 2017-Ohio-542, ¶ 9, quoting *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. A trial court's failure to properly impose PRC at the time of sentencing "is void and must be set aside." *Loper* at ¶ 10, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26.

**{¶8}** Where a defendant has completed the sentence for which PRC is being challenged, the trial court no longer has jurisdiction to rectify the situation. *Loper* at ¶ 11, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 5; *State v. Brown*, 8th Dist. Cuyahoga No. 95086, 2011-Ohio-345, ¶ 11. "Where the trial court fails to properly impose postrelease control and the defendant has completed his sentence, 'the term of postrelease control is void and should be terminated.'" *Loper* at ¶ 11, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 104632, 2016-Ohio-7898, ¶ 7.

**{¶9}** Our holding in *State v. Ramos*, 8th Dist. Cuyahoga No. 105110, 2017-Ohio-2763, is directly on point. Ramos entered a guilty plea in 2004 to first-degree felony drug trafficking under R.C. 2925.03. He was sentenced to nine years

of incarceration and "'[p]ost release control of 5 years as part of this prison sentence for the above felony(s) under R.C. 2967.28.'" *Id*. at ¶ 2.

**{¶10}** Ramos completed his sentence and was released in 2012. Ramos's postrelease control was transferred upon his relocation to Texas where he was arrested in 2016 for failing to advise authorities of an address change. Ramos was returned to Ohio, served 90 days in jail, and remained under postrelease control at the time of filing a motion to terminate postrelease control on September 14, 2016. The trial court rejected Ramos's argument that "because the sentencing journal failed to reflect the consequences of violating postrelease control, the trial court improperly imposed the term of postrelease control." *Id*. at ¶ 8.

**{¶11}** We determined:

This court has repeatedly followed [*State v.*] *Mace*[, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036,] finding that when a trial court failed to set forth the consequences for violating postrelease control in a sentencing entry and the defendant completed his sentence, the term of postrelease control was void and should be terminated. *See State v. Smith*, 8th Dist. Cuyahoga No. 104632, 2016-Ohio-7898; *State v. Bryant*, 8th Dist. Cuyahoga No. 102650, 2015-Ohio-3678, *discretionary appeal not allowed*, *State v. Bryant*, 144 Ohio St.3d 1505, 2016-Ohio-652, 45 N.E.3d 1050; [*State v.*] *Cooper*, 8th Dist. Cuyahoga No. 103066, 2015-Ohio-4505; *State v. Martin*, 8th Dist. Cuyahoga No. 102336, 2015-Ohio-2865; *State v. Love*, 8th Dist. Cuyahoga No. 102058, 2015-Ohio-1461.

This court also has held that merely referring to the statute in the sentencing entry is insufficient to advise the defendant of the consequences of violating postrelease control. *Martin* at ¶ 10, citing *State v. Mills*, 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188. Moreover, in *State v. Johnson*, 8th Dist. Cuyahoga No. 103225, 2016-Ohio-404, this court held that the trial court maintained jurisdiction to terminate the void postrelease control sanction.

*Id*. at ¶ 13-14.

{**¶12**}    The *Ramos* entry provided for  "'[p]ost release control of 5 years as part of this prison sentence for the above felony(s) under R.C. 2967.28.'" *Id*. at ¶ 2. The entries in the current cases provide: (1) in CR-07-495646-A, "[p]ostrelease control is mandatory for a 3 year period.  Postrelease control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28"; and in CR-07-498821, "(5 years postrelease control is mandatory) postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28."   The entries make no reference to the consequences for violating.

{**¶13**}   In the instant case, as in *Ramos*:

> [T]he trial court did not set forth the consequences for violating postrelease control in the sentencing entry. Rather, the trial court simply provided for "[p]ostrelease control of 5 years as part of" Ramos's prison sentence. Ramos completed his prison sentence. Pursuant to *Mace* and the other precedents set forth in our district, the trial court erred by not terminating Ramos's postrelease control because the sentencing entry is void with respect to postrelease control.

*Id*. at ¶ 15.

{**¶14**}    *Ramos* also addresses the state's argument that the failure to submit a transcript requires that this court assume the regularity of the proceedings:

> We also find that Ramos's failure to submit the transcript from his sentencing hearing does not affect the outcome of our decision in this case. In *State v. Elliott*, 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062, this court had the opportunity to review the sentencing transcript and held that even though the trial court orally notified the defendant of the consequences of violating postrelease control at his sentencing hearing, the failure to subsequently include the notification in the sentencing journal entry rendered the imposition of the defendant's postrelease control void. *Id.* at ¶ 12. Thus, pursuant to this court's decision in *Elliott*, even if the trial court advised Ramos of the consequences of violating postrelease control at his

sentencing hearing, the court was not relieved of its obligation to include the notification in its sentencing entry. *See also Martin*, 8th Dist. Cuyahoga No. 102336, 2015-Ohio-2865.

*Id*. at ¶ 16.

{¶15} The Ohio Supreme Court's recent opinion in *State v. Grimes*, Slip Opinion No. 2017-Ohio-2927 supersedes our analysis as to the sentencing hearing notification and journalization of postrelease control. It provides that

> to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Id*. at ¶ 1.

{¶16} *Grimes* also cautioned

> that this appeal presents a case in which it is undisputed that the trial court provided all the required advisements regarding postrelease control to Grimes at the sentencing hearing. Grimes did not introduce a transcript of the hearing into the record, so we must assume the regularity of the sentencing hearing. *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 160, 729 N.E.2d 711 (2000). Our holding is limited to those cases in which the trial court makes the proper advisements to the offender at the sentencing hearing. We reach no conclusion as to the requirements for sentencing entries in cases in which notice at the sentencing hearing was deficient.

*Id*. at ¶ 20.

{¶17} In light of *Grimes*, this court may no longer rely on *State v. Elliott,* 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062, cited in *Ramos*, *supra*, regarding the journalization of postrelease control. As a result, if a defendant fails to include a

transcript of the sentencing hearing when challenging the imposition of postrelease control following his release from prison, we must (1) presume regularity, and (2) presume that all required notifications were orally provided. In such a case, inclusion of the information quoted above (*Grimes* at ¶ 1) is required in the sentencing journal entry.

{¶18}   We recognize, and the state concedes, that even presuming that the trial court orally provided the requisite notifications, none of the *Grimes* advisements were included in Ellis's sentencing entry. Therefore, Ellis's sole assignment of error is sustained.

{¶19}   Judgment is reversed, and the matter is remanded to the trial court with instructions to release Ellis from further postrelease control supervision in the consolidated cases. We caution Ellis that our findings here do not impact Ellis's reporting requirements as a sexually oriented offender.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR