[Cite as *State v. Faulkner*, 2018-Ohio-3824.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-17-048

    Appellee                                    Trial Court No. 2017CR0086

v.

Jake W. Faulkner, III                            **DECISION AND JUDGMENT**

    Appellant                                   Decided:  September 21, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, Jake Faulkner, III, appeals the judgment of the Wood County

Court of Common Pleas, sentencing him to 30 months in prison after he pleaded guilty to

one count of failure to comply.  Because we find that the trial court properly imposed an

additional consecutive prison sentence of 1,387 days based upon appellant's violation of a postrelease control sentence that was lawfully imposed under the then-existing law, we affirm.

## A. Facts and Procedural Background

{¶ 2} On March 10, 2017, appellant entered a plea of not guilty to a charge of failure to comply in violation of R.C. 2921.331(b)(c)(5)(a)(ii), a felony of the third degree. Following pretrial proceedings, appellant appeared before the trial court on July 14, 2017, and entered a plea of guilty to the aforementioned charge. Appellant's sentencing hearing was held September 1, 2017, at which time the following facts were established.

{¶ 3} On February 16, 2017, appellant failed to stop his car when signaled by police in Wood County. Instead, appellant led police on a high speed chase that lasted 30 miles, while traveling at speeds in excess of 100 m.p.h. After crashing his vehicle, appellant fled on foot before being apprehended.

{¶ 4} At sentencing, appellant was ordered to serve 30 months in the Ohio Department of Rehabilitation and Corrections. The court also added another 1,387 days of prison pursuant to its finding that appellant violated the terms of his postrelease control, which was imposed in connection with a January 2006 conviction from Lucas County in case No. CR0200502719. Thereafter, appellant filed a timely appeal.

## B. Assignment of Error

{¶ 5} On appeal, appellant presents the following assignment of error:

> The Trial Court erred to the prejudice of the appellant by imposing 1,387 days of postrelease control based on a judgement entry that did not meet the requirements of State v. Grimes.

## II. Analysis

{¶ 6} In his sole assignment of error, appellant argues that the trial court erred when it imposed the additional 1,387-day prison sentence stemming from his violation of the terms of postrelease control under case No. CR0200502719. Appellant argues that the postrelease control should be vacated because the 2006 judgment entry does not comply with the following language provided by the Ohio Supreme Court in *State v. Grimes*:

> [T]o validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in

3.

that statute.  *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1.

**{¶ 7}** Concerning postrelease control, appellant notes that the 2006 judgment entry merely states:  "Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(b)(3) and R.C. 2967.28."  Since the 2006 entry failed to meet the requirements of *Grimes*, appellant argues that the postrelease control sentence stemming from his 2006 conviction is void and must be vacated.

**{¶ 8}** Notably, we have previously held that *Grimes* does not apply retroactively to matters not pending on the date *Grimes* was announced.  *State v. Madrid*, 6th Dist. Lucas No. L-17-1299, 2018-Ohio-1873, ¶ 16; *compare State v. Harper*, 10th Dist. Franklin No. 17AP-762, 2018-Ohio-2529, ¶ 15 (applying *Grimes* retroactively).  Appellant's 2006 conviction was final long before *Grimes* was announced.  Moreover, appellant does not argue that the trial court's original imposition of postrelease control was defective under the body of case law that applied when he was sentenced in 2006.  Therefore, we find no merit to appellant's assertion that the trial court in this case erred in imposing an additional sentence upon its conclusion that appellant had violated the terms of his postrelease control.

**{¶ 9}** Accordingly, we find appellant's sole assignment of error not well-taken.

4.

### III. Conclusion

{¶ 10} In light of the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE