[Cite as *State v. West*, 2019-Ohio-950.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-519 |
| v. | : | (C.P.C. No. 99CR-4368) |
| Chad E. West, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 19, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Chad E. West*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Chad E. West, appeals a judgment of the Franklin County Court of Common Pleas that denied his motion to vacate post-release control. For the following reasons, we remand this case to the trial court so it may issue a nunc pro tunc entry correcting the deficiency in West's sentencing entry.

{¶ 2} In 2001, a jury found West guilty of rape, kidnapping, and burglary. On February 4, 2002, the trial court entered a judgment that sentenced West to an aggregate prison term of 13 years. West appealed his conviction and argued that the trial court erred in failing to make the specific findings necessary for the imposition of consecutive prison terms. We agreed, and, consequently, we vacated the February 4, 2002 judgment and

remanded the case to the trial court for resentencing. *State v. West*, 10th Dist. No. 02AP-244, 2002-Ohio-6445, ¶ 25, 30.

{¶ 3} On January 30, 2003, the trial court issued a judgment that, again, sentenced West to an aggregate 13-year prison term. As relevant to this appeal, the January 30, 2003 judgment stated, "After the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c)(d) and (e)." West did not appeal the January 30, 2003 judgment.

{¶ 4} On May 29, 2018, West filed a motion requesting that the trial court vacate the post-release-control portion of his sentence. The trial court denied that motion in a judgment dated May 31, 2018.

{¶ 5} West now appeals the May 31, 2018 judgment, and he assigns the following errors:

> [1.] The trial court committed reversible error when it denied Chad West['s] motion to vacate post[-]release control because the trial court failed to incorporate the terms of post[-]release control into [its] journal entry as required[,] which renders the PRC portion of defendant's sentence void.
>
> [2.] The trial court committed [reversible] error when it denied Chad West['s] motion to vacate post[-]release control because the trial court failed to properly notify or make aware the defendant that he would be supervised under section 2967.28 of the Revised Code after he was released from prison, as required by Revised Code 2929.191(A)(1)[,] [w]hich renders the PRC portion of defendant's sentence void. PRC is unenforceable in defendant's case.

{¶ 6} By his first assignment of error, West argues that the January 30, 2003 judgment is void because the trial court failed to include in that judgment necessary information about post-release control. We agree the January 30, 2003 judgment contains insufficient information regarding post-release control.

{¶ 7} If post-release control is statutorily applicable, " 'a trial court has a statutory duty to provide notice of post[-]release control at the sentencing hearing.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. Additionally, "because a court is generally said to speak only through its journal, * * * the trial court is 'required to incorporate that notice into its journal entry

imposing sentence.' " *Id.*, quoting *Jordan* at ¶ 23.  A sentence imposed without fulfillment of these two requirements is contrary to law.  *Id.* at ¶ 11, 13.  Where a trial court provides the necessary notice at the sentencing hearing, satisfaction of the second requirement—incorporation of that notice into the sentencing entry—requires the court to include in the entry (1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post-release control pursuant to R.C. 2967.28 and any violation by the offender of conditions of post-release control will subject the offender to the consequences set forth in that statute.  *Grimes* at ¶ 1; *accord State v. Johnson*, ___ Ohio St.3d ___, 2018-Ohio-4957, ¶ 6 (following and applying *Grimes* when reviewing a case where the defendant had filed a motion to vacate post-release control years after his conviction became final).

{¶ 8}  In the case at bar, the trial court unequivocally failed to include all the required information in the January 30, 2003 judgment.  The judgment neither states the duration of the post-release-control period nor indicates whether post-release control is discretionary or mandatory.  Consequently, the January 30, 2003 judgment is deficient under *Grimes*.

{¶ 9}  The state argues that we cannot apply *Grimes* to this case because *Grimes* was decided after West's conviction became final.  We, however, rejected such an argument in *State v. Harper*, 10th Dist. No. 17AP-762, 2018-Ohio-2529.  In that case, the trial court denied a motion to vacate post-release control that the defendant had filed long after he had exhausted his appellate remedies.  In the motion and on appeal, the defendant argued that his sentencing entry did not comply with *Grimes*.  In response, the state asserted that the defendant was seeking a retroactive application of *Grimes*, which was legally impermissible.  We were not persuaded, explaining that finality and res judicata did not bar relief under *Grimes* because "a failure to properly impose post-release control renders a sentence void in relevant part and therefore open to challenge at any time." *Harper* at ¶ 15.

{¶ 10} The state argues that *Harper* is distinguishable from this case because, in *Harper*, the sentencing entry did not state the consequences of violating post-release control, where here, the January 30, 2003 judgment failed to specify the applicable nature and duration of the post-release control.  We find this distinction immaterial.  In both

*Harper* and this case, the trial court did not properly impose post-release control because the sentencing entries did not contain all the required information. Thus, the reasoning of *Harper* applies equally to this case.

{¶ 11} Having found the January 30, 2003 judgment defective under *Grimes*, we must next consider the appropriate remedy. West would like us to vacate the remainder of his post-release control. This court, however, has endorsed a different remedy. "[W]here a defendant is properly notified of post-release control at the sentencing hearing, but the trial court's judgment entry insufficiently incorporates such notice, the appropriate remedy is 'that a nunc pro tunc entry be issued correcting the deficiency in the judgment entry as defined in *Grimes*.' " *State v. Bell*, 10th Dist. No. 17AP-645, 2018-Ohio-3575, ¶ 12, quoting *Harper* at ¶ 19.

{¶ 12} Here, West failed to introduce a transcript of the January 24, 2003 resentencing hearing into the record. Without a transcript, we must presume the regularity of the proceedings, which, in this case, results in the presumption that the trial court properly notified West of post-release control during the hearing. *See Grimes* at ¶ 20; *accord Harper* at ¶ 3 (due to the lack of a transcript of the sentencing hearing, we "presume[d] the regularity of proceedings and that Harper was appropriately orally notified of post-release control"). As the problem lies solely in the January 30, 2003 judgment, a remand for the correction of that judgment is appropriate. Accordingly, we sustain the first assignment of error to the extent that it identifies a defect in the January 30, 2003 judgment, and we remand this matter so that the trial court may issue a nunc pro tunc entry that corrects that defect.[1]

{¶ 13} By West's second assignment of error, he argues that the trial court did not notify him that the APA would supervise him as set forth in R.C. 2967.28 after his release from prison. Conceivably, by this argument, West could be challenging the adequacy of either the notification made during the resentencing hearing or the contents of the January 30, 2003 judgment. To the extent West challenges the notification made in the resentencing hearing, his argument fails because he has not provided this court with a transcript of that hearing. As we stated above, in the absence of a transcript, we must

---

[1] Given that the remedy ordered is the issuance of a nunc pro tunc entry, we do not address the state's argument that, even if a trial court grants a motion to vacate post-release control, it lacks the authority to order the APA to release an offender from supervision.

presume that the trial court properly notified West regarding post-release control at the hearing.

{¶ 14} To the extent that West challenges the January 30, 2003 judgment, our resolution of the first assignment of error moots his argument. Because we have already found the January 30, 2003 judgment defective for lacking information about the nature and duration of post-release control, we need not consider any other attacks on the sufficiency of the information contained in that judgment. Accordingly, we overrule West's second assignment of error.

{¶ 15} For the foregoing reasons, we partially sustain West's first assignment of error, and we overrule West's second assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas, but we remand this matter to that court so that it may issue a nunc pro tunc entry correcting the January 30, 2003 judgment.

*Judgment affirmed; cause remanded.*

LUPER SCHUSTER and BRUNNER, JJ., concur.