[Cite as *State v. Myers*, 2019-Ohio-2048.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals Nos. L-18-1033
                                                                              L-18-1118
          Appellee

                                                 Trial Court Nos.  CR0200601604
v.                                                                  CR0200603024

Dante A. Myers                                   **DECISION AND JUDGMENT**

          Appellant                              Decided:  May 24, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Allen Vender,
Assistant State Public Defender, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} In this consolidated appeal, appellant, Dante Myers, appeals from the

January 25, 2018 judgment of the Lucas County Court of Common Pleas denying

appellant's motion to vacate the mandatory postrelease control imposed as part of his

sentence imposed in 2007. In both sentencing judgments, the trial court stated appellant had been "given notice of post release control under R.C. 2929.19(B)(3) and 2967.28." Appellant did not appeal his convictions and sentences. For the reasons which follow, we affirm.

{¶ 2} Appellant was released from prison after serving his terms of imprisonment imposed in two 2007 Lucas County Court of Common Pleas case Nos. CR0200601604 (involving a second-degree and fourth-degree felony) and CR0200603024 (involving a first-degree and a second-degree felony). He is currently being supervised based on the postrelease control sanction imposed in the latter case.

{¶ 3} In 2017, appellant moved to vacate his postrelease control sanction. Appellant conceded in his motion that he was properly informed of the postrelease control sanction at the sentencing hearing. However, he asserts both sentencing judgment entries were void as to the imposition of postrelease control because they failed to properly notify him that the postrelease control was mandatory, the length of the postrelease control period, and that the Adult Parole Authority would administer the postrelease control and could impose a sanction for violations of the conditions of postrelease control subject to R.C. 2967.28 as required by *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1. Because appellant had already served his terms of imprisonment, he asserted he could not be resentenced and a nunc pro tunc sentencing judgment could not be issued.

2.

**{¶ 4}** The trial court agreed the sentencing entry lacked the information required by *Grimes*, *supra*. However, the trial court applied our holding in *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831, ¶ 23 (6th Dist.), and held that the sentencing entry could be corrected by a Crim.R. 36 nunc pro tunc entry without a resentencing hearing pursuant to R.C. 2929.191. The trial court entered nunc pro tunc entries in both cases in January 2018. Appellant appeals and asserts the following single assignment of error:

> The trial court committed reversible error when it denied Dante Myers's Motion to Vacate Post-Release Control because Myers was not properly notified of his term a post-release control and it could not issue a nunc pro tunc after he completed his prison term. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718.

**{¶ 5}** In 2007, when appellant was sentenced in this case, *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 42, provided that the postrelease control notification in a sentencing entry must be viewed under a substantial-compliance analysis. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. For that reason, we consistently held that a simple reference to the postrelease control statutes was sufficient to notify the offender the trial court authorized a postrelease-control sanction. *Murray* at ¶ 24.

**{¶ 6}** However, in 2017, the Ohio Supreme Court clarified in *State v. Grimes, supra*, that the following information must be included in the sentencing entry to impose

3.

postrelease control: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Grimes* at 1.

**{¶ 7}** After *Grimes*, we have consistently held that the *Grimes* holding is a new judicial ruling, which cannot be applied retroactively to cases not pending at the time *Grimes* was pronounced. *State v. Bigelow*, 6th Dist. Lucas No. L-17-1306, 2018-Ohio-3508, ¶ 14, *State v. Faulkner*, 6th Dist. Wood No. WD-17-048, 2018-Ohio-3824, ¶ 8; *State v. Madrid*, 6th Dist. Lucas No. L-17-1299, 2018-Ohio-1873, ¶ 14. *Compare State v. West*, 10th Dist. Franklin No. 18AP-519, 2019-Ohio-950, ¶ 9; *State v. Harper*, 2018-Ohio-2529, 115 N.E.3d 840, ¶ 15 (10th Dist.) (both cases apply *Grimes* under the reasoning that the sentencing entry is void and the doctrines of finality or res judicata do not apply); *State v. Lonero*, 6th Dist. Lucas No. L-14-1229, 2016-Ohio-1113, *reversed and remanded by State v. Lonero*, 151 Ohio St.3d 277, 2017-Ohio-7859, 87 N.E.3d 1261, ¶ 1 (applying the *Grimes* rule because the *Lonero* case was before the Ohio Supreme Court on direct appeal after *Grimes* was announced).

**{¶ 8}** Applying our precedent, we find appellant's sole assignment of error not well-taken.

**{¶ 9}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County

4.

Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

## Certification of Conflict

{¶ 10} Pursuant to Ohio Constitution, Article IV, Section 3(B)(4) and App.R. 25, we certify the record in this case to the Ohio Supreme Court for final review and determination because our holding, which follows the precedent of our court, is in direct conflict with the judgment pronounced by the 10th District in *State v. West*, 10th Dist. Franklin No. 18AP-519, 2019-Ohio-950, ¶ 9, and *State v. Harper*, 2018-Ohio-2529, 115 N.E.3d 840, ¶ 15 (10th Dist.).

{¶ 11} The parties are directed to S.Ct.Prac.R. 5.03 and 8.01 for guidance on how to proceed.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                           JUDGE
Arlene Singer, J.          

Gene A. Zmuda, J.          _____
CONCUR.                                           JUDGE

                                        _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.