[Cite as *State v. Bostic*, 2019-Ohio-2658.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-18-1219

      Appellee                                         Trial Court No. CR0201502773

v.

Kenneth Bostic, Jr.                                   **DECISION AND JUDGMENT**

      Appellant                                        Decided:  June 28, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Joseph Medici,
Assistant State Public Defender, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Kenneth Bostic, Jr., appeals the September 13, 2018 judgment of the Lucas County Court of Common Pleas, which denied his motion to vacate judicial sanction; specifically, his sanction for violating postrelease control.  For the foregoing reasons we affirm.

**{¶ 2}** The procedural history of this case is as follows. On January 22, 2016, appellant was sentenced to three years of imprisonment for burglary. The court further found that appellant committed the burglary while on postrelease control in three prior cases and sentenced appellant to an additional 1,277 days. Appellant did not file a direct appeal from his conviction and sentence.

**{¶ 3}** On May 10, 2018, appellant filed a motion to vacate judicial sanction arguing that because the postrelease control sanction was not properly imposed in the prior three criminal cases, he could not be subjected to a sanction based on a violation in the present case. Additionally, the prior cases were the subject of nunc pro tunc judgment entries, all dated August 18, 2006, which stated: "Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28."

**{¶ 4}** Appellant's argument relied on the Supreme Court of Ohio's case captioned *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, wherein, the court clarified that when imposing postrelease control, the sentencing court must specify whether it is discretionary or mandatory, the duration, must include a statement that the Adult Parole Authority will administer the postrelease control under R.C. 2967.28, and that any violation will subject the offender to the consequence set forth in the statute. *Id.* at ¶ 1. Appellant further contended that because he had already served his terms of imprisonment in the three cases, a nunc pro tunc sentencing entry could not issue to correct the postrelease control portions of the sentence.

2.

**{¶ 5}** On September 13, 2018, the trial court denied the motion finding that the holding in *Grimes* did not apply retroactively and that appellant was properly sentenced based on the applicable law on the date of sentencing. This appeal followed with appellant raising two assignments of error for our review:

> Assignment of Error I: The trial court erred when it denied Mr. Bostic's Motion to Vacate Judicial Sanction from cases CR 99-2196, CR 02-1339, and CR 03-3559 by holding applicable case law on the subject was not pronounced retroactively.

> Assignment of Error II: The trial court erred when it denied Mr. Bostic's motion to vacate his judicial sanction.

**{¶ 6}** Appellant's assignments of error are related and will be jointly addressed. At the time of appellant's sentencings in the prior cases, this court adhered to the Supreme Court of Ohio's case of *State v Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus which states: "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence." *See State v. Embry*, 6th Dist. Lucas No. L-03-1114, 2006-Ohio-729, ¶ 15. A valid notice required only a reference to the postrelease control statutes. *State v. Myers*, 6th Dist. Lucas Nos. L-18-1033, L-18-1118, 2019-Ohio-2048, ¶ 5, citing *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831, ¶ 24 (6th Dist.).

3.

**{¶ 7}** Relatedly, appellant also argues that because his prison terms for the convictions had been served, the 2006 nunc pro tunc judgment entries could not act to properly impose postrelease control. We disagree. This court, addressing this precise issue held:

> If the trial court gives the proper notice during the sentencing hearing, but fails to include proper notice in its sentencing judgment entry, the trial court can enter a nunc pro tunc judgment to correct the clerical error pursuant to Crim.R. 36 and need not provide a resentencing hearing pursuant to R.C. 2929.191. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 26. The correction of the judgment is permissible even after the offender has served his sentence and been released from prison. *State v. Gann*, 12th Dist. No. CA2010-07-153, 2011-Ohio-895, ¶ 24.

*Murray* at ¶ 23.

**{¶ 8}** In addition to the above-quoted language, the August 2006 nunc pro tunc judgment entries indicate that appellant had been notified of his appellate rights "and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28." Because we do not have the sentencing transcripts from the prior cases, we must presume that the court notified appellant of postrelease control at the sentencing hearings. *Id.* at ¶ 25.

4.

{¶ 9} Based on the foregoing, we find that the trial court did not err when it denied appellant's motion to vacate the postrelease control sanction in the present case. Appellant's first and second assignments of error are not well-taken.

{¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

## Certification of Conflict

{¶ 11} Pursuant to Ohio Constitution, Article IV, Section 3(B)(4) and App.R. 25, we certify the record in this case to the Ohio Supreme Court for final review and determination because our holding, which follows the precedent of our court, is in direct conflict with the judgment pronounced by the 10th District in *State v. West*, 10th Dist. Franklin No. 18AP-519, 2019-Ohio-950, ¶ 9, and *State v. Harper*, 2018-Ohio-2529, 115 N.E.3d 840, ¶ 15 (10th Dist.).

{¶ 12} The parties are directed to S.Ct.Prac.R. 5.03 and 8.01 for guidance on how to proceed.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.               _____
                                                            JUDGE

Arlene Singer, J.

                                                       _____
Thomas J. Osowik, J.                                JUDGE
CONCUR.

                                                       _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.