[Cite as *State v. Ford*, 2020-Ohio-578.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108843 |
| v. | : | |
| ANTHONY FORD, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 20, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-503478-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Anthony Ford, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Anthony Ford, appeals from a judgment denying his motion to correct his sentence. He raises three assignments of error for our review:

1. Appellant was denied his fundamental right to effective assistance of court appointed counsel. *United States v. Cronic,* 466 U.S. 648 Violation.

2. Appellant's sentence is void via the mandates established in this argument.

3. Trial court erred to the prejudice of appellant in labeling him a sexual predator, when he has no prior offenses of this nature.

{¶ 2} After review, we affirm Ford's convictions and sentence but remand the matter to the trial court for issuance of a nunc pro tunc entry to properly reflect the postrelease-control advisements provided at Ford's sentencing hearing.

## I. Procedural History and Factual Background

{¶ 3} In January 2008, Ford pleaded guilty to kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree, with notice of prior conviction, repeat violent offender, and sexual motivation specifications. The notice of prior conviction and repeat violent offender specifications state in the indictment that in January 1994, Ford was convicted of criminal sexual conduct in violation of Michigan Penal Code 750.520(D)(1)(b).[1]

{¶ 4} The trial court sentenced Ford to ten years in prison for the kidnapping count and ten years for the repeat violent offender specification and ran those terms consecutive to one another for an aggregate prison term of 20 years.

---

[1] Michigan Penal Code 750.520(D)(1)(b) provides that "[a] person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and * * * [f]orce or coercion is used to accomplish the sexual penetration."

The trial court also notified Ford that he was classified as a Tier III sex-offender and ordered him to pay court costs.

{¶ 5} With respect to postrelease control, the trial court notified Ford at the sentencing hearing that he would be subject to a five-year mandatory term of postrelease control upon his release from prison and that if he violated the terms of his postrelease control, the parole board could impose a prison term of up to one-half of his stated prison term originally imposed. However the trial court's sentencing journal entry only states: "Postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28." Ford did not file a direct appeal.

{¶ 6} In April 2019, Ford filed a motion to correct his sentence, which the trial court denied. It is from this judgment that Ford now appeals.

## II. Untimely Petition for Postconviction Relief

{¶ 7} Ford titled his motion, "A motion to correct sentence." A motion to correct or vacate a sentence may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). Ford's motion meets these four requirements. Accordingly, we shall construe his motion as a petition for postconviction relief. *See also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

**{¶ 8}** R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessle*r, 10th Dist. Franklin No. 01 AP-1011, 2002-Ohio-3321, ¶ 32.

**{¶ 9}** R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Here, Ford did not file his petition until well beyond the 365 days. Thus, his petition is untimely.

**{¶ 10}** R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

{¶ 11} If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶ 12} Thus, unless it appears from the record that Ford was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Ford and, if one of those applies, that but for constitutional error at trial, no reasonable factfinder would have found Ford guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

{¶ 13} In his first assignment of error, Ford argues that his trial counsel was ineffective. In doing so, however, Ford does not even allege, let alone establish, any of the threshold requirements necessary to bring an untimely petition for postconviction relief. Specifically, Ford does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him.

{¶ 14} Even if Ford had met one of the threshold conditions, he never would have met the second requirement "that but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty" because Ford did not go to trial; he pleaded guilty. *See State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-

Ohio-4504, ¶ 17 ("Rackley pleaded guilty, and thus, R.C. 2953.23(A) does not apply."); *State v. Moore*, 8th Dist. Cuyahoga No. 82734, 2003-Ohio-4819, ¶ 16 ("Appellant pled guilty to drug possession and no trial occurred; therefore, [R.C. 2953.23(A)] does not apply."); *State v. Halliwell*, 134 Ohio App.3d 730, 735, 732 N.E.2d 405 (8th Dist.1999) (defendant could not satisfy the requirement that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted" where he was convicted "pursuant to his plea of guilty, not by reason of trial").

{¶ 15} We further note that even if Ford's petition had been timely, when a petitioner asserts ineffective assistance of counsel in a postconviction petition, the petitioner cannot rely upon general conclusory allegations that his or her trial counsel rendered ineffective assistance; instead, the petitioner must demonstrate that there is evidence outside the record to support an ineffective assistance of counsel claim. *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. Ford claims, albeit not explicitly, that his plea was not knowingly, voluntarily, and intelligently entered into because his counsel "sold [him] out by having him sign away things that he never explained to him," without providing any evidence outside the record to support his claim. Thus, even if Ford had filed a timely petition, his argument has no merit.

{¶ 16} Accordingly, Ford's first assignment of error is without merit and overruled.

## III. Postrelease Control

{¶ 17} In his second assignment of error, Ford argues that his sentence is void because the trial court failed to properly impose postrelease control in its sentencing journal entry, and he is therefore entitled to a de novo sentencing hearing.

{¶ 18} Unlike his first assignment of error, "[w]here a sentence imposed on an individual is void, that individual may challenge the void portions of the sentence at any time." *State v. Williams*, 8th Dist. Cuyahoga No. 105873, 2018-Ohio-688, ¶ 9, citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234. "When a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease[-]control sanction is void." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph two of the syllabus.

{¶ 19} "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. The main purpose of that notification is that "offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentence." *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 52. Further, a trial court "must incorporate into its sentencing entry the notifications it provides to the offender

relating to postrelease control at the sentencing hearing but that it need not repeat those notifications verbatim in the entry." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 13.

{¶ 20} In *Grimes*, the Ohio Supreme Court has held that at a defendant's sentencing hearing, the trial court must notify the offender (1) whether postrelease control is mandatory or discretionary, (2) the term of supervision, and (3) that if he or she "'violates that supervision, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.'" *Id.* at ¶ 9, quoting R.C. 2929.19(B)(2)(e).

{¶ 21} The trial court said the following at the sentencing hearing:

[W]hen released from prison, you will have to serve a mandatory five-year period of postrelease control, during which time if you violate any conditions of the Adult Parole Authority, or violate any further laws of the federal, state, or local laws, the parole authority may take you back to prison for up to one-half of this sentence, or they may charge you with a new case, or they may do both at the same time.

{¶ 22} The trial court notified Ford that his postrelease control was mandatory, would be a five-year term, and that if he violated the terms of his postrelease control, the parole board could impose a prison term of up to one-half of his stated prison term originally imposed. Therefore, the trial court provided the required advisements at the sentencing hearing.

{¶ 23} We next turn to the trial court's sentencing entry. In *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, the Ohio Supreme Court held:

[T]o validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing

entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Id.* at ¶ 1, 13.

{¶ 24} The Ohio Supreme Court made clear that "a minimally compliant" sentencing entry "must provide the APA the information it needs to execute the postrelease-control portion of the sentence." *Id.* at ¶ 17.

{¶ 25} Here, the trial court's sentencing journal entry stated, "Postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28." The entry is not minimally compliant under *Grimes* because it does not include any advisement regarding the consequences of violating postrelease control.

{¶ 26} The state concedes as much, but argues that the trial court was not required to include such a statement in the entry because *Grimes* was decided after Ford exhausted his appellate remedies and that *Grimes* does not apply retroactively. We disagree because this court has already applied *Grimes* retroactively. *See State v. Masterson*, 8th Dist. Cuyahoga No. 107622, 2019-Ohio-711, ¶ 9 (the trial court's 2007 sentencing entry was not sufficient under *Grimes* to validly impose postrelease control); *State v. Tolbert*, 8th Dist. Cuyahoga No. 105326, 2017-Ohio-9159, ¶ 28-35 (the trial court's 2007 sentencing entry did not validly impose postrelease control pursuant to the Ohio Supreme Court's mandates in *Grimes*); and *State v. Ellis*, 8th Dist. Cuyahoga Nos. 105108 and 105155, 2017-Ohio-7606, ¶ 18 (same).

{¶ 27} Further, we are not the only district to apply *Grimes* retroactively — the Tenth District has done so as well. *See State v. West*, 10th Dist. Franklin No. 18AP-519, 2019-Ohio-950, ¶ 9; *State v. Harper*, 10th Dist. Franklin No. 17AP-762, 2018-Ohio-2529, ¶ 15; *but see State v. Myers*, 6th Dist. Lucas Nos. L-18-1033 and L-18-1118, 2019-Ohio-2048, ¶ 7 ("We have consistently held that the *Grimes* holding is a new judicial ruling, which cannot be applied retroactively to cases not pending at the time *Grimes* was pronounced.").

{¶ 28} The Ohio Supreme Court has accepted *Harper* for review on the two following propositions of law: (1) "[The Ohio Supreme Court's] decision in [*Grimes*] does not apply retroactively to convictions that were already final when *Grimes* was decided," and (2) "The absence of 'consequences' language in a sentencing entry as required by [*Grimes*] does not render the sentence void." *See State v. Harper*, 153 Ohio St.3d 1503, 2018-Ohio-4285, 109 N.E.3d 1260. Oral arguments were held on the case on November 13, 2019, but the court has not yet released an opinion. We are therefore bound by *Masterson*, *Tolbert*, and *Ellis* and find that the sentencing entry was deficient under *Grimes*, and the postrelease control portion of Ford's sentence was not properly imposed.

{¶ 29} Nonetheless, the trial court can correct this error through a nunc pro tunc entry because the trial court properly notified Ford of postrelease control at his sentencing hearing. *State v. Williams*, 12th Dist. Butler No. CA2018-03-055, 2018-Ohio-3990, ¶ 18, citing *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718 (when a trial court properly notifies a defendant of postrelease control at the

sentencing hearing, but the initial sentencing entry did not accurately reflect the details of the notification, the sentencing entry can be corrected through a nunc pro tunc entry).

{¶ 30} Accordingly, we sustain Ford's second assignment of error in part and remand the matter for the trial court to issue a nunc pro tunc entry to properly reflect its postrelease-control advisements from the sentencing hearing.

## IV. Sex-Offender Classification

{¶ 31} In his third assignment of error, Ford argues that he should not have been classified as a sexual predator "when he has no prior offenses of this nature." The trial court, however, did not classify Ford as a sexual predator; it classified Ford as a Tier III sex-offender.

{¶ 32} After review, we find that the trial court properly classified Ford as a Tier III sex-offender. Although Ford now claims that he has no prior sexual offenses, he pleaded guilty to specifications that stated he was previously convicted of criminal sexual conduct in Michigan in 1994. This 1994 offense from Michigan would amount to rape under the Ohio Revised Code. We further note that at his sentencing hearing, Ford admitted to the trial court that he was convicted of two prior sexual offenses in Detroit, Michigan (only one is included in the indictment).

{¶ 33} Ford's third assignment of error is overruled.

{¶ 34} Judgment affirmed but remanded for the trial court to issue a nunc pro tunc entry to properly reflect its postrelease-control advisements from the sentencing hearing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR